E. A. OTIS *v.* D. M. BOYD *et. al.*

TAXES. *Assessment.* Under the act of 1879, ch. 79, which gives the collector power to assess and collect taxes on property which had not been assesed, no power is given him to assess and collect taxes for years anterior to his election and qualification. He can only assess and collect taxes accruing during the year for which he was elected, qualified and gave bond.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.   A. G. MERRITT, Ch.

MORTON B. HOWELL and D. F. WILKIN for complainant.

W. K. MCALISTER, Jr., and JOHN RUHM for defendants.

DEADERICK, C. J., delivered the opinion of the court.

By consent the Mayor and City Council of Nashville were made parties to this suit.

The chancellor had referred the case to the master for his report upon taxes due upon the property sold, the city claimed taxes due it from 1873 to 1880, inclusive.

It appears from the record that the collector for the city for 1880, reported these taxes as due, they not having been assessed or collected by any previous assessor or collector. The collector for 1880 claimed

the authority to assess and also to collect taxes, which had not been assessed for previous years—under the act of 1879, ch. 79.　　That act provides that all tax collectors are made assessors, to assess all property, which by mistake of law or fact, has not been assessed, and to proceed to collect the taxes, etc.

The chancellor held that this statute gave the collector power to assess upon property on which the taxes had not been assessed by the assessor, only for the current year for which he was collector, and the city appealed.

· We think the chancellor's construction is correct. There is nothing in the act which gives the collector power to assess and collect taxes, for years anterior to his election and qualification; and we are of opinion the power intended to be conferred was simply to cure any omission of the assessor as to taxes accruing in the year for which he was elected, qualified and gave bond.

The decree will be affirmed.

### PETITION TO REHEAR.

A petition to rehear has been presented in this case.　And the petitioners, Mayor and City Council of Nashville, by their solicitors, say that they claim the right of their collectors, to assess taxes for years anterior to their appointment, not only under the act of 1879, but also, under an amendment of their char-

ter, citing sec. 13, p. 44, and sec. 27, p. 54, of Mc-Alister's Digest, to sustain this claim.

The section 13, provides for assessing property, and the assessments thereof to be deposited with the Recorder and revised on complaint of the tax-payer by a "Board of Equalization," who may correct mistakes and errors. "But the assessor or collector, *may correct mistakes in addition, or report omitted property*," which will be entered by the Recorder, etc., "when he is satisfied such corrections or additions should be made."

This section manifestly confers no such power as that now claimed. But only directs the assessor or collector, to report omitted property to the Recorder, subject to his, the Recorder's, discretion as to whether he will adopt such corrections or additions.

Nor do we think section 27, p. 54, warrants the construction placed upon it. It provides, "that the collector, in office, is authorized and empowered to perform all acts, to execute all certificates or deeds, not done or performed or executed by any of his predecessors, with the same validity, as when completed by such predecessor, who commenced the same, as authorized by law."

This is intended, obviously, to confer on the successor the power to finish acts begun by his predecessor, and to give such acts the same validity as if they were completed by the collector "who commenced the same." It was not intended, nor can it fairly be given such construction, that one collector may do any act which his predecessors in the indefinite past might

have done, but wholly omitted to begin to do. Nor can it be held that it confers upon a collector for 1880, the power of an assessor of 1873.

The case of *Mayor and Aldermen of Chattanooga* v. *The Chattanooga Railroad Company*, was a suit begun before a justice of the peace for tax of 1880, and for back taxes for 1877, 1878 and 1879.

The railroad company had paid the taxes assessed by the State railroad assessor, and the city insisted that such assessment was unconstitutional and void, and this was the sole contest in the case, the court saying in that case, " there is no contest as to whether the property has been assessed at a proper value, but the contention of defendants is, that it had been assessed by the Board of State Assessors," and had paid for 1877, 1878 and 1879, and tendered the sum due for 1880.

The court then proceeded to discuss the constitutionality of the act under which said assessments were made, and to declare the law under which the railroads had been theretofore taxed, unconstitutional and void.

No discussion was had as to the construction of the act of 1879. The railroad company raised no other objection as to the manner in which the tax was sought to be imposed and collected, except that it had paid the tax upon its property, under the assessment made by the railroad assessors. And although the opinion refers to the act of 1879, it is obvious that no question was raised in that case calling for its construction, and it was not discussed or construed;

the judge saying "there is no contest as to whether the property has been assessed at a proper value." But the defense insisted on was that the State assessors had assessed it and that the law was valid, and this was, in fact, the question discussed and decided in that case.

We are of opinion, therefore, that the act of 1879 does not authorize a collector to assess taxes for years before his appointment. This important duty, we think, ought to be conferred in terms which cannot admit of a reasonable doubt.

The opinions heretofore announced will be adhered to, and the petition to rehear will be dismissed.